UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD CALVIN,

    Plaintiff,

v.

BILL ELFO, et al.,

    Defendants.

CASE NO. C13-0859-MJP-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this civil rights suit pursuant to 42 U.S.C. § 1983. Plaintiff, who is not incarcerated, raises claims associated with his 2010 confinement at Whatcom County Jail. (*See* Dkt. 8.) Now before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6). (Dkt. 14.) Plaintiff opposes the motion. (Dkt. 17.)[1] Having considered all documents filed in

---

[1] Plaintiff's motion for an extension of time to submit his response (Dkt. 20) is GRANTED. However, the Court observes that, in future, plaintiff must comply with the rules of this Court in filing

REPORT AND RECOMMENDATION
PAGE -1

support and opposition to the motion, along with the remainder of the record, the Court concludes defendants' motion should be GRANTED and this case DISMISSED.

## BACKGROUND AND DISCUSSION

Plaintiff submitted an IFP application and proposed complaint to the Court on May 15, 2013. (Dkt. 1.) He subsequently filed Certificates of Personal Service, indicating personal service on two of the named defendants, and their anticipated counsel, on May 13, 2013. (Dkt. 6.) Summons attached to the certificates were not signed by the Clerk of the Court and did not bear the Court's seal. (*Id.*) On June 10, 2013, following receipt of a corrected application, the Court granted plaintiff's application to proceed IFP and docketed the complaint. (Dkt. 7.)

In September 2013, counsel for defendants filed Notices of Appearance in this matter. (Dkts. 9 & 11.) The Court thereafter issued an Order to Show Cause to defendants, noting that, while the notices were submitted without waiving issues of jurisdiction and service, defendants had neither submitted an Answer, nor filed a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. (Dkt. 13.) Defendants, in response, submitted the motion to dismiss currently under consideration. Defendants argue this case should be dismissed for failure to effectuate proper service and based on a bar of the applicable statute of limitations. Plaintiff, among other arguments raised in response to defendants' motion, requests that he be granted leave to re-serve defendants with corrected summons.

A. Sufficiency of Service

Federal Rule of Civil Procedure 4 governs service and requires, *inter alia*, that a

---

motions, including submitting a certificate of service and including a proper noting date. *See* Local Civil Rule 5(f) and 7(d).

REPORT AND RECOMMENDATION
PAGE -2

summons "be signed by the clerk; and . . . bear the court's seal." Fed. R. Civ. P. 4(a)(1)(A)-(G). A plaintiff obtains the court clerk's signature and the court's seal on the summons by presenting it to the clerk on or after filing the complaint. Fed. R. Civ. P. 4(b). "A summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served." *Id*.

Rule 4(m) dictates that "if a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. A plaintiff demonstrates good cause where "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Further, even without good cause shown, the Court has discretion to either dismiss the matter without prejudice or extend the time period for service. *Id*.

In this case, plaintiff failed to properly serve defendants with summons containing the clerk's signature and bearing the Court's seal. However, there is no dispute defendants received actual notice of the lawsuit and no indication defendants would suffer prejudice with an extension of time for service. Additionally, given the statute of limitations issue discussed below, plaintiff would be severely prejudiced if the complaint were dismissed based solely on a lack of sufficient service. Accordingly, considered separate and apart from the issue of whether or not plaintiff complied with the applicable statute of limitations, the Court would

recommend a finding of good cause to extend the time period for service.

B.   Statute of Limitations

Plaintiff brings forth claims of mistreatment during his confinement at Whatcom County Jail beginning in April 2010.  (*See* Dkt. 1.)  Defendants provide evidence that plaintiff was released from the jail on May 12, 2010.  (Dkt. 16).  Defendants argue, therefore, that plaintiff's complaint – filed in this Court on May 15, 2013 at the earliest – was filed after the expiration of plaintiff's three-year statute of limitations.

The affirmative defense of statute of limitations is properly raised in a responsive pleading.  Fed. R. Civ. P. 8(c)(1).  However, the Court may consider affirmative defenses that are apparent on the face of the complaint.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).  *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) (the assertion of an affirmative defense may be considered properly on a motion to dismiss where the "allegations in the complaint suffice to establish" the defense).  Where the Court considers materials outside the pleadings, the motion is considered as seeking summary judgment.  Fed. R. Civ. P. 12(d); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

In this case, defendants submitted evidence outside the pleadings to support their motion to dismiss, and plaintiff had the opportunity to submit evidence in response.  The Court, therefore, considers defendants' motion as seeking summary judgment.  Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the

burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court must draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Applying this standard, and for the reasons described below, the Court finds defendants entitled to summary judgment.

Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  A three year statute of limitations applies in Washington.  RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  A § 1983 action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his or her action. *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760 (9th Cir. 1991).

State law also governs the tolling of the statute of limitations.  *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989).  Washington law provides for tolling of the statute of limitations for individuals who are imprisoned at the time their causes of actions accrue.  RCW § 4.16.190 (stating that, if an individual is "imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be a part of the time limited for the commencement of action.") However, the statute of limitations begins to run upon an individual's release from prison and no subsequent imprisonment tolls its operation.  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 & n.4 (9th Cir. 1991) (citing *Pederson v. Department of Transportation*, 43 Wash. App. 413, 422, 717 P.2d 773 (1986)).  *See also Bianchi v. Bellingham Police Dep't*, 909 F.2d 1316, 1318 (9th Cir. 1990) ("[A]ctual, uninterrupted incarceration is the touchstone for determining disability by incarceration.")  In addition, Washington law allows for tolling of a statute of limitations where a plaintiff serves defendants within ninety days from the date of

filing the complaint, or files the complaint within ninety days of serving defendants. RCW § 4.16.170.[2]

As stated above, plaintiff's claims concern his confinement at Whatcom County Jail (*see* Dkt. 1), confinement which began on April 10, 2010 and concluded with his release on May 12, 2010 (Dkt. 16). His three-year statute of limitations began to run as of May 12, 2010, *see Bagley*, 923 F.2d at 762 & n.4, and expired three years later, on or about May 12, 2013. Because that date fell on a Sunday, plaintiff would have had to commence this action by the following day – May 13, 2013 – in order to comply with the statute of limitations. *See* Fed. R. Civ. P. 6(a)(1)(C).

Defendants argue plaintiff failed to comply with the statute of limitations because he initiated this action, at the earliest, by submitting his IFP application and proposed complaint to the Court on May 15, 2013. (Dkt. 1.) Noting his May 13, 2013 Certificates of Service, plaintiff points to Washington Superior Court Rule 3 as allowing for the commencement of a civil action "by service of a copy of a summons together with a copy of the complaint. . . *or by filing a complaint*." CR 3 (emphasis added).

However, as argued by defendants, the Court looks "to Federal Rule of Civil Procedure 3 to determine when a § 1983 action commences for purposes of the statute of limitations." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citing *Sain v. City of Bend*, 309 F.3d

---

2 Washington law also provides for tolling based on incompetency. RCW 4.16.190; *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 268, 189 P.3d 753 (2008). However, tolling under this provision requires a showing that "at the time the cause of action accrued" the plaintiff was "incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings," and that the incompetency exists as determined under state guardianship statutes. *Id.* In this case, while plaintiff raises an issue of deficiencies in his mental abilities, as discussed below, he does not assert and there is no basis for concluding he was incompetent as determined under state guardianship statutes at the time this cause of action accrued.

1134, 1136 (9th Cir. 2002)). Pursuant to Rule 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. As stated by defendants, plaintiff's complaint was filed in this Court, at the earliest, on February 15, 2013. *See Cintron v. Union P. R. Co.*, 813 F.2d 917, 919-21 (9th Cir. 1987) (finding appellant constructively filed on date complaint delivered to clerk of the court despite the fact that he did not comply with local rules or the filing fee statute). Plaintiff, therefore, filed this action after the expiration of his statute of limitations. Moreover, plaintiff is otherwise unable to assert the tolling provision set forth in RCW § 4.16.170 given the fact that his attempt at service was deficient.

The only remaining question, therefore, is whether plaintiff is entitled to equitable tolling. In considering this issue, the Court also looks to state law. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.") (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)).

Under Washington law, the "predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay v. Cam*, 135 Wn.2d 193, 955 P.2d 791, 797 (1998). Washington courts "permit equitable tolling only sparingly." *Trotzer v. Vig*, 149 Wn. App. 594, 203 P.3d 1056, 1062 (Wash. Ct. App. 2009) (cited sources omitted). Further, "it is clear, under any Washington articulation of predicates, that a plaintiff must exercise diligence in the pursuit of his case before he is entitled to equitable tolling." *Eriksen v. Serpas*, No. 09-35841, 2012 U.S. App. LEXIS 8606 at *3-5 (9th Cir. Apr. 27, 2012) (citing *In re Carter*, 172 Wash. 2d 917, 928-29, 263 P.3d 1241 (2011)

(en banc); *In re Bonds*, 165 Wash. 2d 135, 141, 196 P.3d 672 (2008) (en banc)).

In this case, while not directly addressing the issue of tolling, plaintiff notes he is "a victim of brain damage sustained in [at least three] intoxicated driver auto collisions. . . , which have left [him] with diminished reasoning powers, and limited memory, among other debilities." (Dkt. 17 at 1, n.1.) He also notes he "has extremely limited access to law treatises and statutes," and that, earlier this year, his "home was burned to the ground as a product of arson[,]" leaving him "bereft of ready access to the law; about forty miles from the nearest Law Library; and without ready internet access[.]" (*Id*. at 3-4, n.8.) However, while these contentions reasonably support some period of delay in the pursuit of plaintiff's claims, there is an absence of any indication of barriers erected or posed by defendants or, critically, of any diligence on the part of plaintiff in pursuing his claims during the three-year statute of limitations.

Indeed, plaintiff provides no explanation whatsoever as to why he waited until the eve of the expiration of his statute of limitations to attempt service on defendants and to only later file his complaint. As defendants observe, plaintiff has had past experience with dismissal of claims based on failure to comply with a statute of limitations. (*See* Dkt. 19 (March 2009 dismissal of superior court case based on failure to comply with statute of limitations).) He has likewise had experience with issues of service in this Court. *See*, *e.g.*, *Calvin v. Whatcom County*, No. C07-273-RSL. Given the absence of any indication plaintiff diligently pursued his claims in this matter, the Court finds no basis for equitable tolling of the statute of limitations and, therefore, this matter subject to dismissal.

/ / /

## CONCLUSION

The Court finds this matter subject to dismissal based on plaintiff's failure to comply with the applicable statute of limitations. Accordingly, the Court recommends defendants' motion to dismiss (Dkt. 14) be GRANTED and this case DISMISSED.

DATED this 15th day of January, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge